```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

CENTURY SURETY COMPANY,

        Plaintiff,

vs.                            Case No. 2:04-cv-326-FtM-29DNF

ORR CONSTRUCTION, INC.; DAVID LEE ROOFING & SHEETMETAL, INC.; TOM YOUNG; SHEILA YOUNG; and BETIEL KENY ARGUETA,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Default Judgment Against Defendant David Lee Roofing & Sheetmetal, Inc. (Doc. #61)[1], filed on July 6, 2005. On April 13, 2005, a default was entered against defendant David Lee Roofing & Sheetmetal, Inc., and a request for a default judgment has now been initiated. On July 13, 2005, the Court entered an Order (Doc. #62) directing the Clerk to serve notice on defendant of the pending request for a default judgment. No response has been filed and the time to do so has now expired. The Court finds that an evidentiary

---

[1] On May 31, 2005, the Court granted plaintiff's request to dismiss defendants Orr Construction, Inc. and Betiel Keny Argueta without prejudice. On June 13, 2005, the Court granted plaintiff's request to dismiss defendants Tom Young and Sheila Young. The only remaining defendant is David Lee Roofing & Sheetmetal, Incorporated. Plaintiff originally sought summary judgment, however, that motion was denied as moot based on the filing of the default judgment. (See Doc. #63).

hearing is not required in this case, and will render a decision based on the documents submitted.

Defendant David Lee Roofing filed an Answer and Affirmative Defenses (Doc. #25) on August 16, 2004.  On January 7, 2005, counsel for David Lee Roofing was permitted to withdraw, but defendant was required to obtain new counsel due to its corporate status.  Finding no Notice of Appearance and after issuance of an Order to Show Cause (Doc. #43), on March 22, 2005, the Magistrate Judge entered a Report and Recommendation (Doc. #45) recommending that a default be entered.  On April 12, 2005, the Court accepted and adopted the Magistrate Judge's Report and Recommendation (Doc. #45) recommending that a default be entered against David Lee Roofing for failure to comply with the Court's Orders.  The Clerk entered a default on April 13, 2005.  (See Doc. #47).  It would appear that plaintiff has complied with all prerequisites for the entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Plaintiff Century Surety Company (Century) filed a Complaint for Declaratory Relief (Doc. #1) on July 17, 2004. Plaintiff, an insurance company, issued Orr Construction, Inc. (Orr Construction), a general contractor, a Commercial General Liability Coverage Policy, Policy #CCP-245510, effective August 17, 2002, and August 17, 2003.  (Doc. #1, ¶¶ 9-10).  Defendant Orr Construction contracted with Tom Young and Sheila Young for a construction project in Monroe County, Florida, and sublet work to defendant David Lee Roofing & Sheetmetal (David Lee Roofing), a

subcontractor. On or about November 12, 2002, Jose Martinez, an employee of David Lee Roofing, was killed while working on the project. (Doc. #1, ¶¶ 10, 12). On or about April 26, 2004, defendant Betiel Keny Argueta filed a wrongful death action in the Circuit Court of the Sixteenth Judicial Circuit Court, in and for Monroe County, Florida, as the personal representative of Jose Martinez. (Doc. #1, ¶ 13). Defendant Orr Construction requested that Century defend Orr Construction in the wrongful death action. Century alleged that it expected claims to be made by Orr Construction and Betiel Keny Argueta under the insurance policy issued to Orr Construction. (Doc. #1, ¶¶ 14-15). Century sought an order finding no coverage for any claims under the insurance policy; that no duty to defend Orr Construction was present; and otherwise declaring the rights and status of the parties with regard to Century's obligations.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." <u>Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[2]

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. (continued...)

The Court must determine whether the allegations in the Complaint are truly well-pleaded for purposes of a default judgment. Under Section 1.2.d. of the Commercial General Liability Coverage Forms CG 00 01 10 01 and CGL 1550 03 00,[3] the insurance does not apply to (1) "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law;" (2) bodily injury to an employee arising out of the course of employment or while performing duties related to the conduct of the insured's business (whether the insured is liable as an employer or not); (3) bodily injury or property damage for which "the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement;" or (4) bodily injury to an employee "whether the insured may be liable as an employer or in any other capacity." (Doc. #1, Attach. pp. 23, 36). Additionally, under Fla. Stat. § 440.10, "[a]ny contractor or subcontractor who engages in any public or private construction in the state shall secure and maintain compensation for his or her employees. . . . and the

---

[2](...continued)
1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]The Complaint provides that "[t]he policy was mistakenly issued with two slightly different Commercial General Liability Coverage Forms (forms CG 00 01 10 01 and CGL 1550 03 00); however, exclusion 2.d. is identical in both forms." (Doc. #1, ¶ 17 n. 1).

contractor shall be liable for, and shall secure, the payment of compensation to all such employees." Fla. Stat. § 440.10(a), (b).

The Court finds that the allegations are sufficiently pled to support a default judgment, and that defendant has admitted those allegations.  Therefore, default judgment will be entered against David Lee Roofing & Sheetmetal.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion for Default Judgment Against Defendant David Lee Roofing & Sheetmetal, Inc. (Doc. #61) is **GRANTED.**

2.  The Clerk shall enter judgment finding that, under the policy issued by Century Surety Company to Orr Construction, Inc., there is no coverage for defendant David Lee Roofing & Sheetmetal's claims or potential claims stemming from the death of Jose Martinez on or about November 12, 2002, under said policy.  The Clerk shall further terminate all pending motions and deadlines as moot, and close the file.

3.  Plaintiff may seek to tax costs pursuant to 28 U.S.C. § 1920 within **FOURTEEN (14) DAYS** of the entry of Judgment with the proper supporting documents as to this defendant attached.

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of August, 2005.

JOHN E. STEELE
United States District Judge